■ STANLEY GOLDBERG et al., Appellants, et al., Plaintiffs, v NEW YORK CITY CONCILIATION AND APPEALS BOARD et al., Defendants, and FEI FEI CHEN et al., Respondents.—In an

action for a declaratory judgment based upon a claim of a fraudulent conveyance of property, the plaintiffs Stanley Goldberg, Paul Mendel, Fred Kirby and George Symbouras appeal from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated April 19, 1984, as conditioned the consolidation of a dispossess proceeding pending in the Civil Court of the City of New York, Queens County, with the instant action, upon the payment by the plaintiffs of current rent and arrearages to the respective defendants, who are record owners of the plaintiffs' garden apartment complex units.

Ordered that the appeal by the plaintiffs Paul Mendel and Fred Kirby is withdrawn, without costs or disbursements; and it is further,

Ordered that upon the appeal by the plaintiffs Stanley Goldberg and George Symbouras, the order is affirmed insofar as appealed from, without costs or disbursements.

Special Term did not abuse its discretion in imposing as a condition of consolidation that the appellants pay the current rent and arrearages to the defendants who are record owners of the appellants' units in a garden apartment complex.

This protracted dispute primarily concerns the appellants' efforts to protect their possessory rights in their residences. The fact that they have raised issues concerning the legal ownership of the property and whether there was a fraudulent conveyance subsequent to an order of the New York City Conciliation and Appeals Board terminating a prior owner's membership in the Rent Stabilization Association does not relieve them of their obligation to pay rent.

Since it appears that the appellants Goldberg and Symbouras have not paid any rent to the current record owners of their units and their claims will not be prejudiced by Special Term's condition, the order is affirmed insofar as appealed from by them. Mollen, P. J., Lawrence, Rubin and Kunzeman, JJ., concur.